**MISSISSIPPI POWER & LIGHT COMPANY, et al., Petitioners,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 82–4444.

United States Court of Appeals, Fifth Circuit.

Feb. 13, 1984.

Peyton G. Bowman, III, Reid & Priest, Washington, D.C., for Mississippi Power & Light Co., New Orleans Public Service Co.

Sherwood W. Wise, Jackson, Miss., for Mississippi Power & Light Co.

William C. Nelson, New Orleans, La., Clayton L. Orn, Houston, Tex., for New Orleans Public Service Co.

John T. Miller, Jr., Washington, D.C., Joseph C. Brown, Asst. Atty. Gen., Houston, Tex., for Texasgulf, Inc.

Andrew P. Carter, Monroe & Lemann, Terrence O'Brien, New Orleans, La., for Louisiana Power & Light Co.

William Warfield Ross, Wald, Harkrader & Ross, Robert M. Lichtmann, Washington, D.C., for Gulf States Utilities Co.

A. Karen Hill, Washington, D.C., for F.E.R.C.

Michael J. Manning, Martin J. Robles, Fulbright & Jaworski, Washington, D.C., for Louisiana Gas Service Co., Entex, Inc.

Roy R. Robertson, Jr., Birmingham, Ala., for Southern Natural Gas Co.

John B. Rudolph, Washington, D.C., for Mississippi River Transmission Corp.

Knox Bemis, Richard A. Yarmey, Kevin W. McLean, Washington, D.C., for United Gas Pipe Line Co.

John F. Harrington, William A. Williams, Washington, D.C., for Texas Gas Transmission Corp.

J. Michael Marcoux, Washington, D.C., for Mobile Gas Service Corp., Mississippi Valley Gas Co. and Clarke-Mobile Counties Gas District, Alabama.

Platt W. Davis, III, Washington, D.C., Cheryl M. Foley, Houston, Tex., for Texas Eastern Transmission Corp.

Nicholas W. Fels, Washington, D.C., for Air Products and Chemicals, Inc., Courtaulds North American, Inc., International Paper Co., Stauffer Chemical Co., and Willamette Industries, Inc.

David B. Robinson, Washington, D.C., for State of Louisiana.

William T. Miller, Washington, D.C., for United Municipal Distributors Group.

J. David Mann, Jr., Washington, D.C., for Laclede Gas Co.

Richard P. Noland, Edward J. Grenier, Jr., Washington, D.C., for General Motors Corp.

Joseph P. Stevens, Alvin Adelman, Garden City, N.Y., for The Brooklyn Union Gas Co. and Elizabethtown Gas Co.

Before CLARK, Chief Judge, THORNBERRY and JOHNSON, Circuit Judges.

PER CURIAM:

This is an appeal from two orders by which the Federal Power Commission, now the Federal Energy Regulatory Commission, approved plans to curtail deliveries of natural gas to customers of United Gas Pipe Line Company (United). The first order, issued October 31, 1975 in United Gas Pipe Line Company, Docket No. RP71–29, et al., 54 F.P.C. 1934, approved an interim settlement plan which governed curtailment on United's system from November 1, 1975 to October 31, 1976. The second, issued October 8, 1982, ¶ 21 FERC ¶ 61,016, denied rehearing of the October 31, 1975 order and accepted a permanent settlement curtailment plan. For reasons given below, we hold the 1975 order non-justiciable and remand the 1982 order for consideration of whether the permanent settlement curtailment plan should include a compensation provision.

The October 31, 1975 order is non-justiciable. The interim curtailment plan approved by that order was superseded in November of 1976 and ceased to have any operative effect on the parties. Accordingly, we direct the Commission to vacate the October 31, 1975 order as moot so that it will spawn no further legal consequences or prejudice the rights of the parties in future litigation. *See United States v. Munsingwear, Inc.,* 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–107, 95 L.Ed. 36 (1950).

Among the issues raised with regard to the permanent settlement curtailment plan is whether the Commission failed to adequately consider whether the plan should include a compensation provision. *State of North Carolina v. Federal Energy Regulatory Commission,* 584 F.2d 1003 (D.C. Cir.1978) held that "[b]ecause of the lasting discrimination inherent in an end-use permanent curtailment plan, the level of compensation accorded customers enduring heavier-than-average curtailment is a factor bearing on the reasonableness of the plan that the Commission must consider in prescribing a permanent curtailment plan." 584 F.2d at 1017. In this case, the Commission approved the Administrative Law Judge's rejection of compensation plans advanced by Mississippi Power & Light for United's 1976 curtailment plan, and now offers the same reasoning in support of its failure to consider a compensation provision for the permanent settlement curtailment plan. The Commission justifies its refusal to require compensation on its view that compensation is inconsistent with the policy goals of an end-use curtailment system because it would impose economic burdens on high-priority users; is unnecessary given the current gas market surplus; and could result in overcompensation. The Commission also notes that no one has proffered a compensation provision for the settlement curtailment plan. We find these reasons insufficient for the Commission to refuse to explore the merits of the compensation issue.

The Commission's view that compensation schemes thwart the policies of end-use curtailment is erroneous. We rejected this argument in *Fort Pierce Utility Authority v. FERC,* 724 F.2d 1167 (5th Cir.1984), decided this date. That opinion discusses the issue in full and we need not elaborate here.

The Commission's contention that compensation is unnecessary given the current gas surplus is specious. Every provision of a curtailment plan is designed to avoid undue disruption of the gas market in the event of a shortage, and is by design "unnecessary" during times of surplus. The Commission's asserted fears of overcompensation can be allayed by designing an appropriate compensation provision. They cannot justify a refusal to consider compensation as part of the curtailment plan.

The curtailment proceedings in this case have been protracted and complex, spanning over eleven years of litigation and generating a record in excess of 35,000 pages. The dispute is one that can best be resolved by settlement among the parties. A compensation scheme may be the most appropriate way to reach such settlement.

We do not imply that a compensation scheme is required in this or any curtailment plan. All we hold is that the Commission's treatment of the compensation issue does not meet the standard articulated in *North Carolina.* We therefore remand to the Commission for a full consideration of whether and how a compensation scheme should be incorporated in the permanent settlement curtailment plan. Our consideration of the other issues in this appeal is unnecessary until the compensation issue is resolved.

VACATED IN PART AS MOOT and, in part, REMANDED FOR FURTHER CONSIDERATION.